IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,149-01






EX PARTE JOE BAILEY JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 31304A IN THE 33RD DISTRICT COURT


FROM BURNET COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to 20 years' imprisonment. The Thirteenth Court of Appeals dismissed his
appeal. See Johnson v. State, AP-13-06-00577-CR, (Tex. App.- Corpus Christi, 2007, no pet.) (not
designated for publication).

 On March 18, 2009, this Court remanded this case so that a fact issue related to a recusal
motion could be resolved. The record reflects that the presiding judge of the fourth administrative
judicial region assigned another district judge to determine the merits of the recusal motion as
required by the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 18a. The assigned judge held
a live hearing concerning the merits of the recusal motion, and reviewed supplemental evidence
presented by the parties. The assigned judge denied the recusal motion because he found no
evidence of bias or misconduct in this case. We agree. Therefore, we return the record to the trial
court so that the court may enter findings of fact and conclusions of law with regards to Applicant's
claims for habeas relief. The trial court may either re-file his initial findings or may file
supplemental findings concerning the merits of Applicant's claims. The trial court shall also make
findings as to whether Applicant's counsel has been served with a copy of the transcription of the
court reporter's notes from the recusal motion proceeding as required. If the record reflects that
Applicant's counsel has not been served with the aforementioned transcript, the trial court shall
instruct the clerk to serve him with a copy of the transcript. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 18, 2009

Do not publish